**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4088**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

RANDY LEE BOSO,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:06-cr-00002-FPS-2)

Submitted: November 18, 2010     Decided: November 29, 2010

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brendan S. Leary, Assistant Federal Public Defender, Wheeling, West Virginia, for Appellant. Betsy C. Jividen, United States Attorney, Randolph J. Bernard, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy Lee Boso appeals from the twelve-month sentence imposed pursuant to the revocation of his supervised release. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising the issue of whether the district court erred in imposing the sentence. Boso has filed a pro se supplemental brief and the United States filed a reply brief affirming that there were no meritorious issues for appeal. We affirm.

A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guideline sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). In making our review, we "follow generally the procedural and substantive considerations that [are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the

unique nature of supervised release revocation sentences." Crudup, 461 F.3d at 438-39.

A sentence imposed upon revocation of release is procedurally reasonable if the district court considered the Chapter Seven policy statements and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider. See 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 438-40. A sentence imposed upon revocation of release is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. We will affirm if the sentence is not unreasonable. Id. at 439. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is *plainly* unreasonable." Id. Because Boso did not request a sentence different from the one imposed, review is for plain error. See United States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010).

We conclude that Boso failed to make the requisite showings. The court explicitly considered the Sentencing Guidelines range (eight to fourteen months) as well as many of the statutory factors that it was permitted to consider when arriving at a sentence. In this regard, the court mentioned the need to promote respect for the law, Boso's continuing criminal

3

conduct, the need to deter future violations, and Boso's unsatisfactory conduct while on supervised release.

Boso filed a pro se supplemental brief raising the following issues: that counsel should have filed a brief on the merits instead of an Anders brief, ineffective assistance of counsel for failing to object to the alleged double jeopardy for supervised release violations based on multiple urine screenings, and the district court erred in calculating the Sentencing Guidelines range. We have reviewed these claims, and the entire record, in accordance with Anders, and have found no meritorious issues. We therefore affirm Boso's conviction and sentence. This court requires that counsel inform Boso, in writing, of the right to petition the Supreme Court of the United States for further review. If Boso requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Boso. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED